# UNITED STATES

*v.*

# SANTISTEBAN.

San Juan, Criminal, No. 871.

PRINCIPLE OF SENTENCE.

Criminal Law—Perjury.

1. The wilful giving under oath in a judicial proceeding of false testimony material to the inquiry constitutes perjury.

Same—Punishment—Wife.

2. The expected birth of a child cannot be taken into account by the court in fixing the punishment of a father who has pleaded guilty. But the beginning of the punishment can be postponed or any interval allowed in its duration.

Criminal Law—Punishment on Pleading Guilty.

3. In Porto Rico the offense of perjury cannot be treated as a light one. High family connections makes the offense greater rather than less, and the wealth of the defendant would indicate imprisonment rather than fine as a proper punishment. The practice usually in fixing the sentence at half the maximum punishment is followed upon a plea of guilty.

Opinion filed July 17, 1918.

*Mr. Miles M. Martin,* District Attorney, for United States.

*Mr. Willis Sweet* for defendant.

HAMILTON, Judge, delivered the following opinion:

The defendant was indicted for perjury committed before an examining board of the Immigration Department in connection

with the admission of his brother into Porto Rico. He was there duly sworn and in the course of his examination stated that his brother in question was going to New York to be employed by another and older brother who is living there, when in point of fact the said older brother had never lived in New York and had for a long time been engaged in business in Porto Rico. The facts developed seem to be that the boy in question was to work for the defendant himself in Porto Rico.

1. The facts shown amount to the wilful giving under oath in a judicial proceeding of false testimony material to the point of inquiry. 2 Bishop, Crim. Law, § 1015. Wilfulness, falsity, lawful oath, judicial proceedings, absolute assertion, and materiality, which are the elements of perjury, seem, therefore, to have been present in the case at bar. Bouvier's Law Dict. s. v. Perjury. The defendant pleaded guilty, and the main question in the case is not as to this point, but as to what punishment is adequate.

2. The affixing of a punishment is one of the most unpleasant duties connected with the judicial position. I suppose there is not a judge who would not be glad to have the duty delegated to someone else. That, however, is impossible. One must take the duties as they come and discharge them all as intelligently as possible. The case at bar has awakened a great deal of interest on account of the prominence of the family, or more particularly of the family of the prisoner's wife, and on account of her own condition. They are a young married couple, and the testimony seems to be that the time is approaching for the birth of their first child. It is feared by her friends that his imprisonment at this time may have a very bad effect both upon her and upon the offspring. For its guidance the court has had

United States v. Santisteban.

a special physician investigate and report, the substance of which bears out the above facts, but not necessarily the result feared. The expected date is about the 19th of next month.

The court cannot take such collateral matters into account so far as concerns the defendant himself, but will always be reluctant to punish the innocent with the guilty. Whatever punishment the defendant has earned he will have to suffer. The most that the court can do is to see whether the beginning of the punishment can be postponed or any interval allowed in its duration.

3. Where a guilty defendant takes the chances of a trial, knowingly putting the government to the expense and delay of judicial proceedings, the punishment should be full and adequate. On the other hand if a defendant saves the government that delay and expense and pleads guilty, some mitigation of punishment should be allowed. The practice of this court has been that in such cases one half the maximum punishment will ordinarily be affixed. In the case at bar the maximum punishment is two years in the penitentiary and $1,000 fine, both or either, at the discretion of the court. In Porto Rico the experience of the court shows that unfortunately many witnesses disregard the truth in their testimony, and the offense of perjury cannot in any case be treated as a light or infrequent one. The fact that the family connection in this case is high, so far from lessening the offense tends to make it more serious. The further fact that the defendant or his friends for him are able to pay a large fine, and, judging from what has developed from the different hearings, seem to have expected that this would be the result of the case, tends to show that a large fine would be construed rather as a license than a punishment. The main

United States v. Santisteban.

objects of punishment are to punish the wrongdoer himself and to deter others from committing the same offense, and these ends will not be effected in the case at bar by a mere fine. It would seem, therefore, that the proper course is to impose imprisonment, and imprisonment in the Federal prison at Atlanta, rather than in the local penitentiary in San Juan. The discipline there is preferred. This practice has been usual in serious cases and seems to have a good effect.

It so happens that the marshal, who will have to take the prisoner to the States, cannot well do so until the close of the present trial term, which the court plans to have occur about the first of September. It would seem, therefore, that the course which will afford a proper punishment and at the same time inflict as little injury on others as possible will be to make the sentence to imprisonment for one year in the Federal penitentiary at Atlanta, Georgia, and to pay a fine of $200. Before the marshal can leave, a sufficient period will elapse for all the collateral purposes above mentioned, and I am sure the marshal will be as considerate as his duties admit. Sentence will be pronounced on Saturday next.